**JIN FENG JIANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

**No. 07–1922–ag.**

United States Court of Appeals,
Second Circuit.

July 29, 2008.

Liu Yu, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Janice K. Redfern, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Feng Jiang, a native and citizen of the People's Republic of China, seeks review of an April 13, 2007 order of the BIA affirming the September 22, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinfeng Jiang,* No. A98 719 206 (B.I.A. Apr. 13, 2007), *aff'g* No. A98 719 206 (Immig. Ct. N.Y.

City Sept. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The agency's adverse credibility determination was supported by substantial evidence. The IJ observed that Jiang "frequently hesitated" during her testimony, "even when answering what would seem to be relatively straightforward questions from her own attorney on direct examination." Particular deference is given to such assessments of an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also accurately found that Jiang's testimony was inconsistent with her asylum application regarding whether she was arrested in China because she practiced Falun Gong. Although Jiang's asylum application stated that she was arrested and detained for twenty days, she testified that she was not arrested. Contrary to Jiang's argument, there is no indication that Jiang had problems understanding the interpreter because when asked explicitly why her "answers keep changing," Jiang did not fault the interpreter but stated instead that she was "very nervous." This inconsistent testimony is material to Jiang's application for relief because her past persecution claim rested entirely on her alleged arrest and detention. *See id.* at 80.

Moreover, the IJ accurately found that Jiang testified inconsistently with respect to whether she remained in contact with her uncle in China, who (she said) had cared for her since she was a child. Jiang initially testified that she was not in contact with her uncle. However, when confronted with the fact that a letter purportedly from him appeared in the record, she stated both that she had asked a friend to take the letter to her attorney's office and that the friend had taken the letter to her attorney without her knowledge. Jiang's evasive testimony in this regard was material to her claim because her uncle allegedly introduced her to Falun Gong and, if authentic, his letter would corroborate her claim that she will be mistreated upon returning to China. *See Wu Biao Chen v. INS*, 344 F.3d 272, 274–75 (2d Cir.2003).

Finally, the IJ found that Jiang provided no evidence corroborating her alleged practice of Falun Gong in the United States. In view of the adverse credibility finding, the IJ did not err in finding that her lack of corroborative evidence rendered her unable to rehabilitate her testimony. *See Xiao Ji Chen*, 471 F.3d at 341.

Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. Because the only evidence of a threat to Jiang's life or freedom depended upon her credibility, the adverse

credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.